UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MERCEDES GERBASI a/k/a MARCEDES
GERBASI and JOSEPH GERBASI,　　　　　　　　Case No.: 1:21-cv-02866-DG-VMS

　　　　　　　　Plaintiffs,　　　　　　　　　　　　**COMPLAINT**

　　-against-

OCCIDENTAL FIRE & CASUALTY COMPANY
OF NORTH CAROLINA,

　　　　　　　　Defendant.
----------------------------------------------------------------X

　　　　Plaintiffs, JOSEPH GERBASI and MERCEDES GERBASI, by their attorneys of record, Sacco & Fillas, LLP, complaining of Defendant, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA (hereinafter "Defendant"), for their Complaint, respectfully allege, upon information and belief, as follows:

## **PARTIES**

　　　　1.　　That at all times relevant herein, Plaintiff, JOSEPH GERBASI, was and still is a resident of the County of Queens, State of New York, part of the Eastern District of New York.

　　　　2.　　That at all times relevant herein, Plaintiff, MERCEDES GERBASI, was and still is a resident of the County of Queens, State of New York, part of the Eastern District of New York.

　　　　3.　　That Defendant, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, at all times herein mentioned was, and still is, a corporation, with a place of business at 4200 SIX FORKS ROAD, SUITE 140, RALEIGH, NORTH CAROLINA 27605.

## **JURISDICTION AND VENUE**

　　　　4.　　This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), where Defendant alleges in their Notice of Removal that there is complete diversity of citizenship between the parties herein.

5. The Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b) because substantial events or omissions giving rise to Plaintiffs' claims occurred in this district, and the entirety of the real property that is the subject of this action is situated in this district.

## FACTS AND CIRCUMSTANCES

6. Plaintiffs repeat, reallege, and reiterate each and every allegation contained in the foregoing paragraphs as if same were set forth herein at length.

7. At all relevant times herein, Plaintiffs were and are owners of certain real property located at and known as 106-23 50th Avenue, Corona, New York 11368, containing their home ("Subject Property" or "Plaintiffs' Property").

8. Upon information and belief, at all relevant times herein, the subject property lies adjacent to and abutting a parcel of real property located at and known as 106-25 50th Avenue, Corona, NY 11368 ("Adjacent Property"). Plaintiffs' driveway abuts the property line dividing Plaintiffs' property from the Adjacent Property.

9. Upon information and belief, on or about May 22, 2019, the owners of the adjacent property and their agents began certain demolition, excavation, and/or construction work on the adjacent property.

10. Upon information and belief, such construction continues day-to-day and has continued day-to-day from approximately May 22, 2019 until present.

11. The vibrations from the Adjacent Property construction have caused damage to the subject property and rendered the Plaintiffs' home a total loss.

12. Plaintiffs home suffered structural damage to its foundation, walls, beams, supports, and roof, with the same being rendered broken, uneven, unlevel and cracked.

13. Plaintiffs home, as a direct result, was and is caused to be exposed to the elements including but not limited to water and soil intrusion.

14. Upon information and belief, at all relevant times herein, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA was Plaintiffs' homeowner's insurance provider.

15. Upon information and belief, at all relevant times herein, Plaintiffs has a valid insurance agreement with Defendant.

16. Upon information and belief, Plaintiff's insurance agreement with Defendant is know to Defendant under Policy Number NYP023612508.

17. Upon information and belief, at all relevant times herein, Plaintiffs has been timely paying all premiums due on their insurance policy with Defendant.

18. Plaintiffs' insurance policy with Defendants provided for a $590,000.00 policy limit on the dwelling, $29,500.00 for other structures, $265,500.00 for personal property, and $118,000.00 for loss of use, with a $1,000.00 deductible.

19. Upon information and belief, Plaintiff's losses exceed the policy limits for the dwelling, other structures, and loss of use.

20. Plaintiffs sustained other losses.

21. Upon information and belief, at all relevant times herein, Defendant has agreed to cover Plaintiffs for damage occurring to their property.

22. On or about September 10, 2020, Plaintiffs have filed a claim with Defendant regarding the damage to the subject property caused by construction on the Adjacent Property.

23. Defendant assigned the claim # 432076.

24. Upon information and belief, Defendant sent an insurance adjuster to the property to assess the damage thereto.

25. Upon information and belief, Defendant sent an engineer to the property to assess the damage thereto.

26. Plaintiff also informed Defendant as to an issue, upon information and belief, of the owner and those action on the behalf of the owner of the Adjacent Property, destroying and acquiring one foot along the edge of the Plaintiff's cement driveway at or about the boundary line with the Adjacent Property.

27. Adjacent Property's harm to Plaintiff is ongoing as to the house and driveway, and the subject property in total.

28. Plaintiff demanded and Defendant indemnify and defend Plaintiff with regard to this loss and the driveway issue.

29. Plaintiff's losses are covered under such insurance policy.

30. Defendant has not made good on its contractual obligations.

31. In addition, Defendant has persisted in its refusal to provide Plaintiffs with its position on available insurance coverage.

32. Plaintiffs have waited for Defendants' response to their claim to their detriment.

33. In a reasonable effort to preserve evidence of the losses sustained, Plaintiffs have sustained other losses while waiting for Defendants to adjust their claim.

34. Defendant is aware that its delay is causing further losses to Plaintiff.

35. Defendants' delay in adjusting the claim constitutes bad faith.

36. Defendant has effectively repudiated and refused to pay the amount of their losses without justification.

37. Defendant has waived any available defenses and reasons for denial of coverage.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

38. Plaintiffs repeat, reallege, and reiterate each and every allegation contained in the foregoing paragraphs as if same were set forth herein at length.

39. Plaintiffs purchased an insurance policy from Defendants to insure their home.

40. Defendant executed and delivered the policy to Plaintiffs.

41. Pursuant to the insurance policy and in consideration for premiums paid, Defendant agreed to indemnify Plaintiff for damage to their property, occurring through no fault of their own.

42. At all relevant times, the aforesaid insurance policies were in full force and effect.

43. At all relevant times, all premiums due had been paid by Plaintiffs.

44. At all relevant times, the insurance policies were in full force and effect.

45. At all relevant times, Plaintiffs were in full compliance with the aforesaid insurance agreement and had not breached any terms and conditions thereof.

46. Plaintiffs properly notified Defendants of the said damage.

47. At all relevant times, Plaintiffs stood ready and willing to cooperate with Defendant.

48. Plaintiffs have not prejudiced Defendant.

49. In breach of its contractual duties to Plaintiffs, Defendant has refused to pay Plaintiff the amount of its covered losses, defend Plaintiffs and indemnify them.

50. Plaintiff has suffered and will continue to suffer damages as a direct result of Defendant's breach.

51. By reason of the aforesaid breach by Defendants, Plaintiffs have been damaged in an amount to be determined at trial not less than $837,500.00.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT

52. Plaintiffs repeat, reallege, and reiterate each and every allegation contained in the foregoing paragraphs as if same were set forth herein at length.

53. In breach of its contractual duties to Plaintiffs, Defendant has refused to defend Plaintiffs or indemnify them.

54. Plaintiff has suffered and will continue to suffer damages as a direct result of Defendant's breach.

55. As a result of the foregoing, an actual controversy exists between Plaintiffs and Defendant regarding Defendant's duty to defend and indemnify Plaintiffs.

56. Plaintiffs have sustained covered losses.

57. Plaintiffs have been forced to maintain a cause of action against adjacent property owners and their agents, at their own cost and expense.

58. Pursuant to 22 U.S.C. § 2201, Plaintiffs request this Court enter judgment declaring that Defendant is obligated to prosecute, and pay the costs of such prosecution, all claims or actions pending by or against Plaintiffs, and that Defendant is obligated to indemnify Plaintiffs for all sums which Plaintiff will become legally obligated to pay as a result of the claims or actions pending for or against Plaintiff relating to their real property, and pay Plaintiff an amount to be determined at trial not less than $737,500.00 for their covered losses.

## THIRD CAUSE OF ACTION
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

59. Plaintiffs repeat, reallege, and reiterate each and every allegation contained in the foregoing paragraphs as if same were set forth herein at length.

60. Defendant breached the implied covenant of good faith and fair dealing by delaying and continuing to delay in adjusting Plaintiffs claim, paying Plaintiffs' claim, or even providing any response to Plaintiffs as to available coverage.

61. Defendant breached its contractual duty of good faith and fair dealing by refusing in bad faith to pay on a covered loss, and to prosecute a lawsuit on behalf of Plaintiffs within the limits of Plaintiffs' policy, or to indemnify them accordingly.

62. By reason of the aforesaid breach by Defendants, Plaintiffs have been damaged in a sum to be determined at trial not less than $837,500.00 plus punitive damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF NY G.B.L. § 349**

63. Plaintiffs repeat, reallege, and reiterate each and every allegation contained in the foregoing paragraphs as if same were set forth herein at length.

64. Defendant's bad-faith refusal to pay a covered claim, delay in adjusting such claim, and refusal to provide a response as to available coverage was and is a deceptive act or practice of a recurring nature, and is harmful to the public at large. Therefore, Defendant's bad-faith conduct constitutes a violation of N.Y. General Business Law § 349.

65. Consequently, Plaintiff is entitled to punitive damages from Defendant in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs request an order and judgment against the Defendant:

a. For Plaintiffs' first cause of action in an amount to be determined at trial not less than $837,500.00;

b. For Plaintiffs' second cause of action, a declaratory judgment, pursuant to 22 U.S.C. § 2201 that Defendant is obligated to prosecute, and pay the costs of such prosecution, all

claims or actions pending by or against Plaintiffs, and that Defendant is obligated to indemnify Plaintiffs for all sums which Plaintiff will become legally obligated to pay as a result of the claims or actions pending for or against Plaintiff relating to their real property, and pay Plaintiff an amount to be determined at trial not less than $737,500.00 for their covered losses;

c. For Plaintiffs' third cause of action in an amount to be determined at trial not less than $837,500.00 plus punitive damages in an amount to be determined at trial;

d. For Plaintiffs' fourth cause of action, punitive damages in an amount to be determined at trial;

e. Punitive damages;

f. Interest, costs, expenses, disbursements, and attorney's fees of this action; and

g. Such other and further relief that this Court deems just, proper, and equitable.

Dated: Astoria, New York
July 30, 2021

SACCO & FILLAS, LLP
By: /s/ Zachary S. Kaplan
    Zachary S. Kaplan
*Attorneys for Plaintiffs*
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 269-2232
zkaplan@saccofillas.com